MoKxeíney, J.,
delivered the opinion of the court.
The defendant, Stephens, on the 26th day of February, 1852, entered into a recognisance in the penalty, of one thousand dollars, to the sheriff of Fentress county, conditioned that he make his personal appearance before the judge of the circuit court of said county, on the first Tuesdmj often- the third Monday of June, 1852, to answer an indictment for perjury, found against him in said court.
Shortly before this recognisance was entered into, namely, on the 21st day of February, 1852, an act of the general assembly was passed, changing the time of holding said court, from the third to the second Monday of June. And at the June Term óf said court, held on the second Monday of the month, a judgment nisi, was entered up against the defendant, for the *309 penalty-of bis recognisance, for failing to appear. Scire facias baying issued, the defendant filed a special plea, averring that be appeared at the court bouse of Fen-tress county, ready to answer said charge, according to his recognisance, on the day therein stipulated. To this plea a replication' was put in, which need not be noticed, as it neither met nor traversed the averment of the plea, and to which the defendant demurred. On argument of the demurrer the court gave judgment for the defendant, and the Attorney. General prosecuted an appeal in error to this court. .
The judgment on the demurrer was unquestionably correct. There was no obligation imposed upon the defendant by his recognisance, beyond a simple compliance with the terms. He cannot be held bound to appear at a time, or place, different from that stipulated. The effect of the recognisance cannot be varied, because of an error in stating the time of holding the court, nor even by an act of the Legislature altering the time. 4 Humph., 226.
Judgment affirmed.